FILED
2016 Mar-28  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| DANNY G. LACEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 1:13-cv-00301-WMA- |
| | ) | SGC |
| LEEPOSEY DANIELS, Warden, et | ) | |
| al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

Petitioner, Danny G. Lacey, has filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner, through counsel, challenges his 2001 assault convictions in the Circuit Court of Clay County, Alabama. (*Id.* at 2-3). Respondents have answered (Docs. 4, 8), and Petitioner has replied (Docs. 6, 9). For the reasons that follow, Petitioner's claims are due to be denied, either as procedurally defaulted or as meritless.

**I.   FACTS AND PROCEDURAL HISTORY**

In 2000, Petitioner was charged with first- and second-degree assault. Two weeks prior to trial, the prosecution offered Petitioner a plea deal under which he would plead guilty to two counts of third-degree assault and the prosecution would recommend one year of imprisonment and $20,000 in restitution. (Doc. 1 at 5-6). Petitioner's trial counsel advised him to

1

reject the offer, stating he could secure more favorable terms that involved a higher fine and probation but no incarceration. (*Id.* at 6). During a pretrial hearing, Petitioner alleges the trial judge stated that, if found guilty on both counts, he would receive a life sentence for first-degree assault and thirty-five years for second-degree assault. (*Id.*).[1] Petitioner alleges his trial counsel stated the judge was trying to intimidate him into accepting the plea deal. (*Id.*).

After rejecting the plea deal, Petitioner alleges trial counsel did not respond to communication until the eve of trial, when he informed Petitioner the plea deal had been withdrawn. (Doc. 1 at 6). Petitioner also alleges his trial counsel failed to prepare for trial, did not subpoena or call any witnesses, did not move for a curative instruction or mistrial after an expert witness testified about characteristics demonstrated by victims of domestic abuse, and failed to object to the enhancement of Petitioner's sentence as a habitual offender. (*Id.*). Although Petitioner attended the first day of trial when the jury was selected and impaneled, he "panicked" and did not appear for subsequent proceedings. (Doc. 2 at 18; Doc. 4-3 at 54). Petitioner, who was addicted to methamphetamines at the time, thought the judge would issue a bench warrant for failure to

---

[1] The length of these sentences apparently reflects the trial judge's recognition that Petitioner would be sentenced as a habitual offender under Alabama's Habitual Felony Offender Act ("HFOA"), ALA. CODE § 13A-5-9.

appear. (Doc. 4-3 at 54; *see* Doc. 2 at 18). Instead, over defense counsel's objection, the trial judge proceeded with trial *in absentia.* (*Id.* at 18-19)

The jury found Petitioner guilty of assault in the first degree under ALA. CODE § 13A-6-20 and assault in the second degree under ALA. CODE § 13A-6-21. (Doc. 1 at 3; Doc. 4 at 2). Because Petitioner had a prior felony conviction, he was sentenced—pursuant to Alabama's HFOA—to life imprisonment on the first-degree assault conviction and a concurrent twenty years of imprisonment on the second-degree assault conviction. (Doc. 1 at 3; Doc. 4-3 at 66-67; *see* Doc. 4-1 at 1). Trial counsel filed a notice of appeal on Petitioner's behalf but never filed a brief.

 (Doc. 1 at 3). Petitioner retained new counsel who filed a petitioner pursuant to Rule 32(f) of the *Alabama Rules of Criminal Procedure* (the "First Rule 32 Petition")*.* (*See* Doc. 4-3 at 22). The First Rule 32 Petition sought only the right to file an out-of-time appeal. (*See id.*). The trial court granted an out-of-time appeal, and Petitioner—through appellate counsel—appealed, challenging the sufficiency of evidence at trial. (*See* Doc. 4-1). The Alabama Court of Criminal Appeals affirmed both convictions on May 21, 2004. (Doc. 1 at 3; Doc. 4-1). The Alabama Supreme Court denied certiorari, and Petitioner did not seek certiorari from the United States Supreme Court. (Doc. 1 at 3-4). The certificate of judgment regarding

Petitioner's direct appeal issued on January 7, 2005. (Doc. 4 at 3; Doc. 4-2).

On December 3, 2002, while Petitioner's direct appeal was pending, he also filed—through counsel—a second Rule 32 petition in the sentencing court (the "Second Rule 32 Petition"). (Doc. 4 at 10; Doc. 4-3 at 6-10; Doc. 4-4 at 2). The sentencing court stayed the Second Rule 32 Petition while the direct appeal was pending. (Doc. 4 at 10; Doc. 4-4 at 2). As initially filed, the Second Rule 32 Petition asserted Petitioner was entitled to a new trial due to unspecified constitutional violations. (Doc. 4-3 at 8).

On January 9, 2006, Petitioner amended the Second Rule 32 Petition to allege ineffective assistance of trial counsel and due process violations under the principles enunciated in *Giglio v. United States*, 405 U.S. 150 (1972). (Doc. 4-3 at 16-55). Regarding ineffective assistance of counsel, the amended Second Rule 32 Petition alleged trial counsel was "severely impaired during his trial" based on his subsequent one-year suspension from practicing law, imposed in 2004 by the Alabama State Bar Disciplinary Board. (Doc. 4-3 at 35-36). The amended Second Rule 32 Petition alleged the problems leading to trial counsel's suspension also resulted in ineffective assistance regarding Petitioner's defense, including failure to: (1) move for a curative instruction regarding the prosecution's repeated

questioning of an expert witness concerning common behaviors of domestic violence victims; (2) prepare for trial and interview proposed witnesses; and (3) argue that Petitioner was not subject to sentencing as a habitual offender. (Doc. 4-3 at 36-45). The amended Second Rule 32 Petition also alleged the victim never disclosed her intention to pursue a civil lawsuit against Petitioner, in violation of *Giglio*. (Doc. 4-3 at 45-46).

The sentencing court held a hearing on the Second Rule 32 Petition on November 18, 2009. (Doc. 4-3 at 85-105). On December 7, 2009, Petitioner filed a brief containing additional arguments regarding alleged ineffective assistance of counsel at the sentencing phase. (Doc. 4-3 at 62-64). The brief: (1) reasserted Petitioner's argument that trial counsel "failed to question or otherwise challenge the assertion of the prior felony" used to invoke sentencing as a habitual felon; (2) asserted arguments regarding trial counsel's failure to object to evidence of prior bad acts; (3) argued the trial court considered, at sentencing, evidence of a subsequent arrest despite the prosecution's lack of detailed knowledge of that arrest; (4) contended trial counsel failed to offer mitigating circumstances at sentencing; (5) contended Petitioner was denied the right of a direct appeal; and (6) claimed the maximum sentences imposed were excessive in light of the prosecution's

failure to prove the existence of a prior adult felony. (Doc. 4-3 at 62-64).

On March 25, 2011, the sentencing court denied the Second Rule 32 Petition via a one page order. (Doc. 4-3 at 75). Petitioner appealed the denial of the Second Rule 32 Petition, abandoning several of his claims, but pursuing his claim under *Giglio* and his ineffective assistance of counsel claims based on trial counsel's: (1) failure to move for a curative instruction regarding the prosecution's repeated questioning of an expert witness concerning common behaviors of domestic violence victims; (2) failure to prepare for trial and interview proposed witnesses; and (3) failure to argue that Petitioner was not subject to sentencing as a habitual offender. (Doc. 4-4 at 2-3; Doc. 4-3 at 77).

The Court of Criminal Appeals affirmed on October 21, 2011. (Doc. 4-4). First, the court noted that Petitioner had not presented any evidence, either in briefing or at the evidentiary hearing, in support of his claims. Accordingly, the court found Petitioner had failed to satisfy his burden under Rule 32 as to any of his claims. (Doc. 4-4 at 4). Next, to the extent a transcript of Petitioner's sentencing hearing could be construed as evidence in support of his arguments regarding the application of the HFOA, the court found that Petitioner's sentence was proper. (Doc. 4-4 at 5). The Court of Criminal Appeals also

found Petitioner had abandoned several claims on appeal and thus did not consider those claims.  (Doc. 4-4 at 4, 6).  The Alabama Supreme Court denied certiorari, issuing a certificate of judgment on February 10, 2012.  (Doc. 4-5 at 1).

The instant petition followed on February 8, 2013.  (Doc. 1).  It asserts claims for ineffective assistance of trial counsel, a claim under *Giglio*, and a claim that his trial *in absentia* violated Petitioner's due process rights because he was denied the right to confront his accusers.  (*Id.* at 5-11).  As to ineffective assistance of counsel, the claims are based on: (1) improper advice to reject the guilty plea; (2) failure to investigate the case; (3) failure to subpoena or call witnesses; (4) failure to argue that Petitioner did not cause the scar on the victim's arm—the basis for the first-degree assault charge; (5) failure to move for a mistrial or request a curative instruction regarding the prosecution's questioning of an expert witness about characteristics of domestic violence victims; and (6) failure to object to the application of Alabama's HFOA. (Doc. 1 at 5-10).  As in the Second Rule 32 Petition, Petitioner contended that trial counsel's substance abuse issues contributed to all of his ineffective assistance.  (*Id.* at 5).

Following the initially-assigned magistrate judge's order to show cause, Respondents exclusively argued that all of Petitioner's claims were time-barred under 28 U.S.C. 2244(d) but

7

preserved the right to assert additional defenses. (Doc. 4). Correctly concluding that the out-of-time direct appeal and the tolling effect of the Second Rule 32 Petition rendered Petitioner's claims timely, the subsequently-assigned magistrate judge ordered Respondents to assert any additional defenses they might have. (Doc. 7). Respondents responded (Doc. 8) and Petitioner replied (Doc. 9). Accordingly, this matter is now ripe for adjudication.

## II.  DISCUSSION

As explained below, all but one of the claims presented in the instant petition were never exhausted in Alabama state courts. Those unexhausted claims are now procedurally defaulted. The one claim that arguably was exhausted in state court is without colorable merit under the standards applicable to federal habeas challenges to state court convictions. Each conclusion is addressed in turn, below.

### A.    **Procedurally Defaulted Claims**

A state prisoner is generally ineligible for federal habeas relief unless he has first exhausted the remedies available in the courts of the state of conviction. *See* 28 U.S.C. § 2254(b)(1)(A); *Kelley v. Secretary for Dept. of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004). A state prisoner must first present any federal constitutional or statutory claim through one complete round of the state's trial and appellate review process,

either on direct appeal or in state post-conviction proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007).   Thus, an Alabama state prisoner must attempt to present his claims to the Alabama Supreme Court. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003); *Smith v. Jones*, 256 F.3d 1135, 1140-41 (11th Cir. 2001). Where a claim has not been exhausted in the state courts and the time in which to present the claim there has expired, the claim is deemed procedurally defaulted and review in the federal courts is generally precluded. *See Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005).

Procedural default may be excused in two narrow circumstances: (1) upon a showing of "cause" for the default and actual "prejudice" as a result, *Wright v Hopper*, 169 F.3d 695, 703 (11th Cir. 1999); or (2) by a showing of actual innocence, *Schlupp v. Delo*, 513 U.S. 298, 327 (1995).   In order to show the cause necessary to excuse procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to properly raise the claim in state court. *Wright*, 169 F.3d at 793.   Here, all but one of Petitioner's claims are procedurally defaulted, either because they were never presented in state court or because they were not properly presented.

### 1.   Claims Never Presented in State Court

Here, Petitioner never presented several of the claims asserted in the instant petition to any Alabama state court. Specifically, Petitioner never presented—either on direct appeal or in his Rule 32 petitions—any claim regarding: (1) how trial *in absentia* violated his due process rights to confront his accusers; (2) ineffective assistance of counsel due to rejection of the plea deal; and (3) ineffective assistance of counsel due to failure to argue the victim's scars were caused by someone other than Petitioner.   These claims are plainly procedurally defaulted for failure to exhaust available state court remedies.

Petitioner contends his claim for ineffective assistance of counsel based on the rejection of the plea agreement is not procedurally defaulted for at least two related reasons. (Doc. 9 at 11).   First, Petitioner contends he presented the facts forming the basis for this claim to the sentencing court in 2006 via the amended Second Rule 32 Petition.   Next, Petitioner contends this claim was unavailable until March 21, 2012, when the Supreme Court explicitly stated that the right to effective assistance of counsel extended to plea negotiations in cases factually similar to Petitioner's. (Doc. 9) (citing *Lafler v. Cooper*, 132 S. Ct. 1376 (2012); *Missouri v. Frye*, 132 S. Ct. 1399 (2012)).   These Supreme Court decisions were released six years after Petitioner filed his Second Rule 32 Petition and one month

after its denial became final by the Alabama Supreme Court's issuance of a certificate of judgment. Accordingly, Petitioner contends it was "impossible" to assert this ineffective assistance claim in state court collateral review proceedings. (Doc. 9 at 13).

Petitioner's argument is an attempt to show cause for his procedural default on his claim for ineffective assistance of counsel regarding plea negotiations. This attempt fails. First, Petitioner is correct that he described the factual basis for his ineffective assistance of counsel claim in an unsworn statement attached to his amended Second Rule 32 Petition. (Doc. 4-3 at 53-55). However, neither the statement, nor the brief to which it was attached—prepared and filed by Petitioner's retained appellate counsel—asserts a claim for ineffective assistance of counsel. Petitioner's retained Rule 32 counsel also recounted the facts surrounding the plea negotiations during the evidentiary hearing on the Second Rule 32 Petition. (Doc. 4-3 at 93-94). During the hearing, counsel explained these facts in the context of ineffective assistance of counsel. (*Id.*). The sentencing court's order denying the Second Rule 32 Petition did not explicitly address this claim, but Petitioner's retained counsel did not appeal on either the merits of the claim or the sentencing court's failure to specifically address it. To the extent Petitioner contends the trial court erred in failing to

address this claim, his state court remedy was an appeal of that issue to the Alabama Court of Criminal Appeals. *See Robinson v. State*, 6 So. 3d 556, 556-57 (Ala. Crim. App. 2008) (remanding Rule 32 claims to sentencing court where it did not address defendant's claim for ineffective assistance of counsel based on advice to reject plea deal).

Next, to the extent Petitioner contends his ineffective assistance claims arising from plea negotiations were unavailable until after the Supreme Court issued *Frye* and *Lafler*, this argument fails. First, as noted above, Petitioner's retained counsel presented this very argument during the hearing on the Second Rule 32 Petition. Next, the Alabama Court of Criminal Appeals' remand of a Rule 32 Petition for failure to address similar ineffective assistance claims belies any contention that Petitioner was somehow precluded from presenting this claim prior to 2012. *See Robinson,* 6 So. 3d at 556-57. Indeed, the Alabama Court of Criminal Appeals issued *Robinson* in 2008, which was prior to: (1) the hearing on Petitioner's Second Rule 32 Petition; (2) Petitioner's final amendment to his Second Rule 32 Petition; and (3) the sentencing court's denial of the Second Rule 32 Petition.[2]

Aside from the more practical concerns discussed above, Petitioner's argument is also legally deficient. The Supreme

---

[2] It is worth noting that Petitioner amended his Second Rule 32 Petition at least twice to assert other ineffective assistance claims.

Court has long-recognized that the Sixth Amendment right to counsel, as defined in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to "ineffective assistance of counsel claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Alabama courts have recognized such claims for nearly three decades. *See, e.g., McKinney v. State*, 511 So. 2d 220, 222 (Ala. 1987). Contrary to Petitioner's arguments that *Lafler* and *Frye* created new claims previously unavailable to him, the Eleventh Circuit has described those decisions as "merely an application of the Sixth Amendment right to counsel, as defined in *Strickland,* to a specific factual context." *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012). *Frye* held that defense counsel has a duty to communicate formal plea offers and that failure to do so will generally constitute deficient representation. *Frye,* 132 S. Ct. at 1408. *Lafler* provided the test for evaluating *Strickland's* prejudice prong in the context of plea negotiations. *Lafler*, 132 S. Ct. at 1391. However, the Court's clarification of *Strickland's* application to ineffective assistance of counsel claims arising from plea negotiations does not mean that Petitioner was somehow precluded from presenting his claims via a Rule 32 Petition. Accordingly, neither *Lafler* nor *Frye* provide the cause needed to excuse Petitioner's procedural default on this claim.

Finally, to the extent Petitioner contends his procedural default of his plea negotiation-related claim is excused by *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), he is mistaken. In *Martinez*, the Supreme Court held that a state prisoner can establish cause for procedural default on ineffective assistance claims where: (1) the petitioner was unrepresented in the initial-review collateral proceedings because counsel was not appointed; or (2) appointed counsel in the initial-review collateral proceeding was ineffective under *Strickland*. *Martinez*, 132 S. Ct. at 1318. Here, Petitioner was represented by retained counsel on direct appeal and through collateral review. (*See* Doc. 4-3 at 85-86). While the petition does allege that trial counsel was ineffective in advising Petitioner to reject the plea agreement, it does not allege that Petitioner's retained appellate or Rule 32 counsel was ineffective in failing to assert this claim in state court. As noted above, Petitioner's retained Rule 32 counsel did present the plea negotiation claims during the evidentiary hearing but did not pursue the claim on appeal. Indeed, while such a claim was plainly available, as evidenced by arguments presented by Rule 32 counsel at the hearing, it can hardly be said that failure to pursue such claims on appeal amounted to constitutionally deficient representation. Even if it could, Petitioner has not pursued this argument. Accordingly, Petitioner's pleadings here,

which were prepared and filed by retained counsel—counsel which did not represent Petitioner in state court proceedings—are insufficient to excuse his procedural default under *Martinez*.

For the foregoing reasons, Petitioner's claims that were not presented to the appropriate state courts are procedurally defaulted.

## 2. Claims Denied on Independent State Grounds

In order to exhaust state court remedies, the Eleventh Circuit has explained that a state prisoner must:

> comply with all "independent and adequate" state procedures, or else the petitioner will have procedurally defaulted on that claim. *See Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Bailey v. Nagle*, 172 F.3d 1299, 1302-03; § 2254(b), (c). Where a petitioner has not "*properly* ... presented his claims to the state courts," he will have "procedurally defaulted his claims" in federal court. *O'Sullivan*, 526 U.S. at 848. To determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision, this court has set forth the following three-part test: (1) "the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim"[; (2)] the state court's decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law[;]" and (3) the state procedural rule must not be applied in an arbitrary or unprecedented fashion. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).

*Mason v. Allen*, 605 F.3d 1114, 1119-20 (11th Cir. 2010)(emphasis in original); *see Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183, 1212-13 (11th Cir. 2009).

Here, Petitioner presented some form of his remaining federal habeas claims in conjunction with his Second Rule 32 Petition. These claims include Petitioner's due process claim under *Giglio*, as well as claims for ineffective assistance of trial counsel alleging: (1) failure to investigate the case; (2) failure to subpoena or call witnesses; and (3) failure to move for a mistrial or request a curative instruction regarding the prosecution's questioning of an expert witness about characteristics of domestic violence victims. The Alabama Court of Criminal Appeals affirmed denial of these claims based on Petitioner's failure to present any evidence to support them. (Doc. 4-4 at 4). After noting Petitioner's burden to prove his Rule 32 claims, the appellate court found that his failure to present any evidence doomed his claims under Rule 32.3. (*Id.*).

The Alabama Court of Criminal Appeals was the last state court to address Petitioner's claims, and it affirmed dismissal of those claims based solely on the *Alabama Rules of Criminal Procedure* and without addressing the merits. (Doc. 4-4 at 4). In doing so, the Court of Criminal Appeals relied on Alabama procedural rules and noted that neither arguments presented by counsel nor Petitioner's unsworn statement constituted the evidence required under Rule 32.3. (*Id.*). There is no indication the court's application of Rule 32.3 was arbitrary or unprecedented. Accordingly, the Court of Criminal Appeals'

affirmance was an independent and adequate state rule of decision, and these claims are procedurally defaulted for failure to properly present them in state court. *Mason*, 605 F.3d at 1119-20.

**B.   Application of Alabama's HFOA.**

Finally, the Alabama Court of Criminal Appeals reached the merits of Petitioner's claim for ineffective assistance of trial counsel based on failure to object to sentencing under the HFOA. (Doc. 4-4 at 4-6). Because Petitioner attached the transcript of the sentencing hearing as an exhibit to his Second Rule 32 Petition, the Alabama Court of Criminal Appeals analyzed whether it supported his claim for ineffective assistance of counsel. (Doc. 4-4 at 4-5). The appellate court found Petitioner was properly sentenced under Alabama's HFOA. Specifically, the court found Petitioner had one prior adult felony conviction, making him eligible for an enhanced sentence. (Doc. 4-4 at 5). The court further found that the sentencing court properly applied the HFOA to Petitioner's first-degree assault conviction, resulting in a life sentence. Under these circumstances, the Court of Criminal Appeals held that any objection to sentencing under the HFOA would have been futile. (Doc. 4-4 at 6).

A federal court reviewing a habeas petitioner's claims on the merits is constrained by the highly deferential standard of review provided for in the Anti-Terrorism and Effective Death

Penalty Act ("AEDPA"); *see* 28 U.S.C. § 2254; *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000). Federal habeas relief under § 2254 is precluded unless the state court's adjudication of the claim resulted in a decision that was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Further, factual determinations by state courts are presumed correct, subject to being rebutted only upon a showing by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defence." U.S. Const. amend. VI. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *see also Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). A claim of ineffective assistance of counsel can be established upon a showing the (1) "counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense" because the "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In a habeas corpus action, the petitioner

generally carries the burden to establish both components. *Lawhorn v. Allen*, 519 F.3d 1272, 1293 (11th Cir. 2008) (citing *Atkins v. Singletary*, 965 F.2d 952, 958-59 (11th Cir. 1992)).

The Eleventh Circuit has explained:

> To establish a constitutionally deficient performance, the defendant must "identify the acts or omissions ... that are alleged not to have been the result of reasonable professional judgment" to "show that counsel's representation fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 687, 690. The "highly deferential" reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 689, and recognize that cases warranting the grant of habeas relief based on an ineffective assistance claim "are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quotation and citation omitted). ... "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland*, 466 U.S. at 689. ... Because "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight," *Bell v. Cone*, 535 U.S. 685, 702 (2002), we must make "every effort ... to eliminate the distorting effects of hindsight ... to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

*Lawhorn*, 519 F.3d at 1293-94.

Once constitutionally deficient performance is established, the petitioner generally must also prove prejudice. To do so the petitioner must convince the court "that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. While a petitioner need not show that counsel's deficient conduct "more likely than not altered the outcome of the case," it is not enough for the petitioner to show that counsel's errors merely had "some conceivable effect on the outcome of the proceeding." *Id.*, 466 U.S. at 693.

Here, Petitioner cannot demonstrate either requirement to show ineffective assistance of counsel under *Strickland*. Petitioner does not contend that the Alabama Court of Criminal Appeals committed any errors of fact or law in affirming the dismissal of his HFOA-related claims. The petition baldly asserts that Petitioner's trial counsel performed deficiently by failing to: (1) object to sentencing enhancement under Alabama's HFOA; and (2) require "properly certified proof of the prior conviction." (Doc. 1 at 6). Notably, Petitioner does not assert he was somehow not subject to the HFOA or that his sentence exceeded the statutory range. Accordingly, even accepting Petitioner's contentions—that failure to object to sentencing under the HFOA constitutes constitutionally deficient performance—as true, he has not stated a claim for ineffective assistance under *Strickland*, because he has not even attempted to show how it prejudiced him. Moreover, because Petitioner does not contend that he was improperly sentenced under the HFOA, he

has failed to show deficient performance.  Trial counsel was not deficient for failing to raise a meritless objection at sentencing.  More importantly for federal habeas purposes, the Alabama Court of Criminal Appeals' affirmance of the sentencing court's denial of Petitioner's Rule 32 ineffective assistance claim was neither contrary to federal law nor based on an unreasonable determination of the facts presented.  28 U.S.C. § 2254(d).

For the foregoing reasons, Petitioner's federal habeas claim for ineffective assistance of trial counsel based on sentencing under Alabama's HFOA is due to be denied.

### III. CERTIFICATE OF APPEALABILITY

In accordance with Rule 11 of the *Rules Governing 2254 Proceedings,* a certificate of appealability is **DENIED**.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation omitted).  Based on the

authority discussed above, a certificate of appealability is not warranted here.

**IV.  CONCLUSION**

For all of the foregoing reasons, all of Petitioner's federal habeas claims will be denied, either as procedurally defaulted or as meritless.

A separate order will be entered.

DONE this 28th day of March, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE